UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                         2:06-cr-42-FtM-29SPC

JAMES EARL SMITH
_____

**OPINION AND ORDER**

On July 17, 2006, United States Magistrate Judge Sheri Polster Chappell submitted a Report and Recommendation (Doc. #45) to the Court recommending that Defendant's Motion to Suppress Evidence (Doc. #21) be denied.  Defendant filed Objections to Report and Recommendation (Doc. #46) on July 26, 2006.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b()1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C).   This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir.

1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**II.**

This case resulted from a traffic stop of defendant while driving a vehicle rented to his mother. By the conclusion of the encounter, defendant was under arrest in connection with possession of crack cocaine. Defendant challenges the lawfulness of the stop, the lawfulness of his detention, and the effect to be given an alert by a drug detection canine. Being dissatisfied with the results reached by the magistrate judge, defendant's objections address each of these matters.

**A.  Initial Stop**

Officer Maler followed defendant for about a mile without observing any traffic violations. Defendant then came to a full stop at a stop sign, but the front tires were across the stop line painted on the street. After observing this, Officer Maler conducted a traffic stop on the vehicle. Defendant asserts that no reasonable police officer without a pretextual motivation would have made such a traffic stop, and therefore the stop is unlawful.

Defendant first complains that the government has failed to identify which Florida statute was violated when he failed to stop

before the stop-line. (Doc. #46, p. 3 n.1.) The Court would direct defendant's attention to Fla. Stat. § 316.123(21)(a).

Defendant next argues that a stop-line violation "is likely reserved for pre-textual stops," and that the current standard under Whren v. United States, 517 U.S. 806 (1996) is the same as under United States v. Miller, 821 F.2d 546 (11th Cir. 1987), i.e., whether a reasonable officer without a pre-textual motivation would have made the same stop. (Doc. #46, p. 3). Defendant argues that the officer's motivations, while not dispositive, are probative of whether a reasonable officer would have made the same stop. (Doc. #46, p. 4.)

The Florida appellate court has already rejected defendant's arguments. State v. Robinson, 756 So. 2d 249 (Fla. 5th DCA 2000). More importantly, so have the Supreme Court, Arkansas v. Sullivan, 532 U.S. 769 (2001), and the Eleventh Circuit, United States v. Holloman, 113 F.3d 192, 194 (11th Cir. 1997)("The Whren Court squarely rejected the pretextual stop analysis that had prevailed previously in the Eleventh Circuit."). Under the current law, "a decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation occurred, see Whren (citation omitted) and an officer's motive in making the traffic stop does not invalidate what is otherwise objectively justifiable behavior under the Fourth Amendment." United States v. Simmons, 172 F.3d 775, 778 (11th Cir. 1999). Phrased differently, "[i]f a police officer has probable cause to believe a violation of

law has occurred, it is reasonable for him to make a traffic stop." United States v. Weaver, 145 Fed. Appx. 639, 641 (11th Cir. 2005)(citing Whren, 517 U.S. at 810).  Here, the magistrate judge correctly found that the officer observed a traffic infraction committed in his presence, and therefore had probable cause to believe a violation of law had occurred.  It was therefore reasonable for the officer to make the traffic stop.  Accordingly, the Court overrules defendant's objection to the Report and Recommendation as to the initial stop of the vehicle.

**B.  Detention**

Defendant argues that, even assuming the validity of the stop, he was illegally detained while awaiting the arrival of the narcotics dog.  This is so, defendant argues, because "the officers acted outside the scope of the traffic stop in detaining him" and "he should have been free to leave before the dog's arrival." (Doc. #46, p. 4.)  Defendant asserts that after the officer stated he was going to write a warning ticket, the officer began to question defendant about unrelated matters instead of proceeding to write the warning.  This included a request for consent to search the vehicle, which was denied.  Writing the warning was delayed, defendant asserts, until the canine and officer arrived and had been briefed.  Additionally, the dog handler also discussed the procedure with defendant, and confirmed the refusal to consent.  It was not until after these conversations that the officer began to write the warning citation.  (Doc. #46, p. 5.)

Defendant argues that an officer's actions during a traffic stop must be reasonably related in scope to the circumstances which justified the interference in the first place and that the duration must be limited to the time necessary to effectuate the purpose of the traffic stop. (Doc. #46, p. 7.) While the Report and Recommendation found the detention's duration was not excessive, defendant argues that "the relevant issue in this case, however, is not the duration of the traffic stop but whether the police activity exceeded its scope. Even a momentary detention that exceeds the scope of a traffic stop is unlawful." (Doc. #46, p. 8.) The reasonable duration of the stop did not matter, defendant argues, because the officer did not use the time for the purposes of the stop. Id.

This argument has been rejected by the Eleventh Circuit, which has stated:

> the Supreme Court concluded that it is unreasonable extensions of the duration –not the scope of conversation – that could render an otherwise justified detention unreasonable for Fourth Amendment purposes. "[M]ere police questioning does not constitute a seizure," –even if such questioning is about a topic unrelated to the initial purpose of the search or seizure – so long as it does not "prolong[ ] . . . the time reasonable required to complete that [initial] mission." Muehler v. Mena, 125 S.Ct. 1465, 1471 (2005) . . . we believe that the focus on duration (and not scope of questioning) is just as applicable to a lawful traffic stop.

United States v. Hernandez, 418 F.3d 1206, 1209 n.3 (11th Cir. 2005). The Court agrees with the Report and Recommendation that the detention in this case was not unlawful in its duration.

**C. Probable Cause Based on Drug Dog Alert**

Defendant argues with the legal standard which governs the admissibility of an alert by a drug dog. The quarrel is whether training alone is sufficient, or whether the dog's record and field performance should or must be considered. Assuming that training, field performance, and the dog's record are all probative of the dog's qualifications, the facts in this case clearly establish that Lilo was properly qualified. As with other "experts," performance or training flaws go to the weight of the evidence, not its admissibility. The required standard to justify a search of the vehicle in the situation at hand is simply probable cause, and the alert by Lilo is this case was ample to provide the officers with such probable cause.

After reviewing the Report and Recommendation and the transcript of the evidentiary hearing, the Court fully agrees with the findings of fact and conclusions of law made by the magistrate judge. Accordingly, the Court will adopt the Report and Recommendation and will deny the motion to suppress.

Accordingly, it is now

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. # 45 is **accepted and adopted**, and it is specifically incorporated into this Order.

    2.    Defendant's Motion to Suppress Evidence (Doc. #21) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of August, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Magistrate Judge
Counsel of Record
DCCD