UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES EARL SMITH,

Petitioner,

vs. Case No. 2:09-cv-143-FtM-29SPC
Case No. 2:06-cr-42-FtM-29SPC

UNITED STATES OF AMERICA,

Respondent.

---

**OPINION AND ORDER**

This matter comes before the Court on petitioner James Earl Smith's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #89)[1] and supporting Memorandum (Cv. Doc. #2, Cr. Doc. #90), both filed on March 6, 2009. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #7) on April 24, 2009. For the reasons set forth below, the motion is denied.

**I.**

On March 1, 2006, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging petitioner

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case as "Cr. Doc."

James Earl Smith (petitioner or Smith) with possession with intent to distribute fifty grams or more of cocaine base, also known as crack cocaine, on or about January 20, 2006. The underlying facts arose out of a traffic stop of a vehicle petitioner was driving. (Cr. Doc. #21, p. 1.) The Court denied petitioner's Motion to Suppress Evidence (Cr. Doc. #21) in an Opinion and Order (Cr. Doc. #54) issued on August 3, 2006. On August 8, 2006, a jury found petitioner guilty as charged (Cr. Doc. #69). On November 28, 2006, the Court sentenced petitioner to mandatory life imprisonment, followed by ten years supervised release (Cr. Doc. #77). Judgment (Cr. Doc. #77) was entered November 29, 2006.

Petitioner, through counsel, filed a timely Notice of Appeal (Cr. Doc. #78). After oral argument, the Eleventh Circuit Court of Appeals "readily conclude[d] that the judgment of the district court is due to be affirmed." (Cr. Doc. #88, p. 3.)

Petitioner filed a petition for writ of *certiorari* with the United States Supreme Court. The petition was denied on March 17, 2008. Smith v. United States, 128 S. Ct. 1683 (2008). The United States concedes that petitioner's motion under § 2255 was timely filed, and the Court agrees.

**II.**

Petitioner raises two issues of ineffective assistance of counsel, first in connection with the motion to suppress and then in connection with the trial. The standard of review for such

issues is well established. The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)(quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

**A. Motion to Suppress**

Petitioner argues that his attorney provided ineffective assistance of counsel by failing to investigate and prepare the

motion to suppress evidence he filed. Petitioner asserts that his attorney provided ineffective assistance because he failed to interview Corporal Mailer or Deptuy Shawn Bares to determine the circumstances surrounding the stop of the vehicle. This resulted, petitioner argues, in counsel not knowing that the officers saw the vehicle coming from what they believed to be a known “drug house” in “an area known for drug activity.” Had counsel known this, petitioner asserts it would have triggered a need for further investigation, which would have disproved the officers’ beliefs as to the house and the area. Petitioner asserts that he provided his attorney with the names of persons who lived at the residence and stated they had no history of drug arrests. Petitioner argues that such statements by officers is “the same boilerplate, hyperbole that nearly every law enforcement officer recites when on the witness stand during a suppression hearing,” (Cv. Doc. #2, p. 5), and that counsel had a duty to rebut such testimony if he was to provide effective assistance.

Petitioner further asserts that having known this would have lead a reasonable attorney to argue petitioner’s theory that the real reason for the traffic stop was race-based, i.e., that petitioner is black while his passenger is a white female. Petitioner argues that this triggered a duty of counsel to investigate the officer’s motives for the stop by investigating the history of the officers’ previous traffic stops for evidence of race-based behavior in order to support petitioner’s theory.

The Court finds that petitioner has not established his attorney provided ineffective assistance in connection with the suppression motion. The officer's motivation for beginning to follow the vehicle petitioner was driving was never material. Even if the officer was mistaken in his belief that petitioner had just left a "drug house" in "an area known for drug activity," the officer's motivation is not determinative of the lawfulness of the officer's conduct.

Petitioner's counsel argued that the traffic stop itself was pretextual and therefore unlawful (Cr. Doc. #48, pp. 123-25). As the Court has previously found (Cr. Doc. #54, pp. 3-4), the United States Supreme Court, the Eleventh Circuit Court of Appeals, and the Florida appellate courts have held that an officer's motivation in making a traffic stop does not invalidate a stop based on a violation of a traffic law. E.g., Whren v. United States, 517 U.S. 806 (1996). Since it is clear that petitioner did violate a traffic law and that the officer saw the violation in his presence, nothing could be gained if petitioner's counsel had spent more effort pursuing a matter which could not materially impact the outcome of the suppression hearing. Additionally, there was no threshold evidentiary showing of some evidence tending to show the essential elements of a race-based defense, discriminatory effect or intent in the traffic stop, as required for discovery in a selective prosecution claim. United States v. Armstrong, 517 U.S. 456, 468 (1996). Accordingly, the Court finds petitioner has not

established either Strickland prong as to the motion to suppress.

**B. Trial Preparation**

Petitioner also argues that his attorney provided ineffective assistance of counsel by failing to adequately investigate and prepare for trial. While petitioner's Motion and Memorandum do not provide specifics, his Declaration (Cv. Doc. #2-2, Exh. B, p. 5) provides the bases for his claim.

Petitioner first asserts that he requested his attorney to interview the passenger in the vehicle, who would testify that the drugs found in the vehicle did not belong to petitioner and that petitioner had no knowledge of them until they were found by the police. Petitioner asserts that the passenger, Amber Klett, would have testified that petitioner did not know the drugs were in the vehicle. Petitioner also maintains that in March, 2008 while he was in prison, Ms. Klett told him she had provided a notarized letter to petitioner's mother as to the facts, and that she had told the prosecutor the same thing prior to trial. The notarized statement had been forwarded to petitioner's attorney prior to the suppression hearing.

The entirety of the letter by Amber Klett, dated April 10, 2006, is as follows: "To whom it may concern, I am writing this letter on my [behalf] of James Earl Smith on January 06 He dident [sic] have any Knowledge or Idea that any drugs was in the car. All he did was come and gave me a ride to the club And I am will to testify to that." (Cv. Doc. #2-3, p. 2.)

It is clear that both petitioner and the government knew that Ms. Klett was the passenger in the vehicle when it was stopped. The car was a rented vehicle in petitioner's mother's name, although petitioner was an authorized driver. The testimony indicated that petitioner was calm throughout the traffic stop, while Ms. Klett was so nervous the officer asked if she needed to be hospitalized. The written letter written by Ms. Klett did not state any basis for her belief that petitioner did not know the drugs were in the vehicle. Additionally, the letter did not provide any basis as to whether Ms. Klett knew of the drugs in the vehicle, or how the drugs came to be in the vehicle. Thus, there is no basis to believe that Ms. Klett, if she was willing to testify, would have any exculpatory, admissible evidence as to petitioner. In addition, during trial and in his closing argument, defense counsel used the failure to call Ms. Klett as a witness and the undisputed evidence as to her demeanor to suggest to the jury that the drugs belonged to Ms. Klett, not petitioner. (Cr. Doc. #85, pp. 248-49.) The Court finds no ineffective assistance of counsel as to matters related to Ms. Klett.

Petitioner also asserts that he asked his attorney to request a fingerprint expert to establish that his fingerprints were not on the potato chip bag, baggies, razor blade, or the vehicle's console. The lack of fingerprints, however, was never a disputed issue. Defense counsel stated in opening statement that no fingerprinting was performed by the officers (Cr. Doc. #85, p.

157). The government witnesses conceded there were no fingerprints (Id. at 184-86). The Court finds no ineffective assistance of counsel as to the issue of failing to obtain an expert witness as to fingerprints.

Petitioner also asserts that he requested his attorney to interview personnel at the car rental company to determine the possibility of the rental car being rented out without first having the vehicle's console inspected and/or cleaned. Nothing about this matter would have been material to the outcome of the case. As noted above, the government always conceded that petitioner's fingerprints were not found. The Court finds no ineffective assistance of counsel as to the issue of failing to interview rental car company personnel.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this 20th day of August, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
James Earl Smith