UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 2:06-cr-42-FtM-29SPC

JAMES EARL SMITH, JR.

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Modification of Sentence Pursuant to Title 18 U.S.C. §3582(c)(2) (Doc. #101) filed on May 4, 2017, and Motion Requesting Relief Under the Holloway Doctrine (Doc. #102) filed on May 5, 2017. The government filed a Response in Opposition to both motions. (Docs. #104, 105.) Defendant seeks the retroactive application of Amendments 748 and/or 750 to the Sentencing Guidelines to reduce his sentence. Defendant also seeks to apply the "Holloway Doctrine" pursuant to United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014) to reduce his sentence as disproportionately severe.

Under Title 18, United States Code, Section 3582, the Court may modify or reduce a term of imprisonment after it is imposed:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section

> 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(2). The Court may also reduce a sentence based upon a subsequently enacted amendment, "if the Sentencing Commission has made the amendment retroactively applicable by listing the amendment in U.S.S.G. § 1B1.10(c)." United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013). See also United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) (adopting the bright-line rule that amendments may be retroactively applied "*solely*" if expressly listed under 1B1.10(c)). Defendant bears the burden of demonstrating that a retroactive Amendment has lowered his guideline range. Id.; United States v. Tellis, 748 F.3d 1305, 1308 (11th Cir. 2014).

### A. Amendment 750

Effective November 1, 2010, Amendment 748 to the Sentencing Guidelines was implemented on a temporary and emergency basis in response to a directive in the Fair Sentencing Act of 2010. United States v. Adams, 503 F. App'x 778, 781 n.1 (11th Cir. 2013); U.S. Sentencing Guidelines Manual amends. 748, 750. Amendment 750 to the Sentencing Guidelines made Amendment 748 permanent and lowered the base offense level for some crack cocaine quantities under the Drug Quantity Table. United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012).

On August 2, 2006, the government filed a Notice of Intention to Use Prior Convictions to Enhance the Penalty as to Count One of the Indictment (Doc. #51) pursuant to 21 U.S.C. § 851. Based on defendant's prior felony drug offense convictions, defendant was eligible for a mandatory term of life imprisonment and supervised release for a term of 10 years to life. Defendant was found guilty by a jury, and sentenced to a term of life imprisonment. (Docs. #69, 77.) At sentencing, defendant was found to be a career offender under the career offender guidelines of U.S. Sentencing Guidelines Manual § 4B1.1, which makes automatically makes defendant a Category VI, and enhanced pursuant to § 851. The change in the base offense levels under § 2D1.1(c) played no role in the calculation of defendant's sentence, and therefore Amendment 750 does not apply to reduce defendant's sentence. See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence.").

**B. Holloway**

As a preliminary matter, the Court notes that defendant previously sought and was denied relief under 28 U.S.C. § 2255, see docs. ## 89, 91, and defendant has not received permission to

file a second or successive petition from the Eleventh Circuit.[1] Despite defendant's characterization to the contrary, the motion is not pursuant to any valid basis under Fed. R. Crim. P. 35, or 18 U.S.C. § 3582(c), and the Court has no inherent power to reduce defendant's sentence. United States v. Diaz-Clark, 292 F.3d 1310, 1317 (11th Cir. 2002). The Court will deny the motion because the Court has no authority to grant the relief that defendant is seeking.[2]

Mr. Holloway received a stacked sentence of 691 months of imprisonment in the Eastern District of New York. In the Holloway case, finding no other available avenue of relief, the District Judge issued an Order requesting that the United States Attorney exercise her discretion to vacate two or more of convictions under 18 U.S.C. § 924(c). The request was initially declined, and the District Judge asked for reconsideration. After reviewing Mr. Holloway's file, the government stated as follows:

> In terms of how to proceed, we would propose
> to withdraw our opposition to the pending Rule

---

[1] Defendant states that the motion "is not and should not be construed as an unauthorized collateral attack on his conviction or sentence. . . ." (Doc. #102, p. 1.)

[2] The Court notes that defendant is not the first defendant to seek relief under the "Holloway Doctrine", which is not a doctrine but a single case. See, e.g., United States v. Wilson, No. 3:07-CR-132-J-34MCR, 2017 WL 784611, at *2 (M.D. Fla. Mar. 1, 2017) (noting no authority or jurisdiction to grant relief); Casado v. United States, No. 1:99-CR-00125-KMM, 2016 WL 4196659, at *3 (S.D. Fla. Aug. 9, 2016) (noting that the United States Attorney's Office specifically agreed to vacate two of the convictions).

> 60(b) motion, and also to state on the record that we wouldn't oppose the granting of the underlying 2255 motion for the purpose of vesting the court with authority to vacate two of the 924(c) convictions, and to proceed to resentence, all of that without taking a position on the merits of either the Rule 60 motion or the habeas petition.

United States v. Holloway, 68 F. Supp. 3d 310, 315 (E.D.N.Y. 2014). Mr. Holloway would not have been eligible for relief without the government's agreement, and the government has not agreed to any such reduction in this case. Further, Holloway is not binding on the undersigned, and therefore the motion is also denied on this basis.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Modification of Sentence Pursuant to Title 18 U.S.C. §3582(c)(2) (Doc. #101) is **DENIED.**

2. Defendant's Motion Requesting Relief Under the Holloway Doctrine (Doc. #102) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___7th___ day of July, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
James Earl Smith, Jr.
Counsel of Record