UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES EARL SMITH, JR.,

    Petitioner,

v.                                        Case No: 2:18-cv-830-FtM-29MRM
                                            Case No. 2:06-CR-42-FTM-29SPC

UNITED STATES OF AMERICA,

    Defendant.

_____

**OPINION AND ORDER**

    This matter comes before the Court on review of petitioner's Second-in-Time Motion Pursuant to 28 U.S.C. 2255 (Cv. Doc. #1; Cr. Doc. #108) filed on December 26, 2018. The instant motion is a second or successive petition, and therefore the court lacks jurisdiction to consider it.

    Petitioner was charged in 2006 with possession with intent to distribute fifty grams or more of cocaine base, also known as crack cocaine. After a jury trial, petitioner was convicted and sentenced to mandatory life imprisonment followed by 10 years supervised release. Judgment was entered on November 29, 2006, and on November 9, 2007, the Eleventh Circuit affirmed the conviction and sentence. A Writ of Certiorari was denied on March 17, 2008. (Cr. Doc. #91, p. 2.) Petitioner filed a timely petition seeking relief under 28 U.S.C. § 2255, which was denied

on August 20, 2009.  Smith v. United States, No. 209-CV-143-FTM-29SPC, 2009 WL 2590084 (M.D. Fla. Aug. 20, 2009).

On July 7, 2017, the Court issued an Opinion and Order (Doc. #106) finding that Amendment 750 to the United States Sentencing Guidelines Manual did not apply to reduce petitioner's sentence because he was sentenced as a career offender.  The Court also denied petitioner's *pro se* motion seeking relief under United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014).

To file a second or successive Motion under Section 2255, petitioner must obtain certification from the Eleventh Circuit Court of Appeals.  28 U.S.C. § 2255(h); Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011).  Section 2255(h) provides that a second or successive motion must be certified to contain:

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Petitioner has not indicated that he obtained certification from the Eleventh Circuit authorizing the undersigned to consider a second or successive motion.  Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider

a second or successive petition."); El-Amin v. United States, 172 F. App'x 942, 946 (11th Cir. 2006) (same).[1]  The current Motion must therefore be dismissed for lack of jurisdiction.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #108) is **DISMISSED** for lack of jurisdiction as successive.

2.   The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the

---

[1] The Court notes that petitioner's arguments have been rejected by the Eleventh Circuit.  See In re Hires, 825 F.3d 1297, 1303 (11th Cir. 2016) ("And while Descamps is retroactive for a first § 2255 motion, we have held that Descamps is not retroactive for purposes of a second or successive § 2255 motion."); In re Hernandez, 857 F.3d 1162, 1164 (11th Cir. 2017) ("Moreover, Mathis does not provide an independent basis for his application, as the Supreme Court's holding in Mathis did not announce a "new rule of constitutional law.").

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __9th__ day of January, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA