```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                         CASE NO: 2:06-cr-42-JES-KCD

JAMES EARL SMITH, JR.
_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Compassionate Release (Doc. #125) filed on May 2, 2024. The government filed a Response in Opposition (Doc. #127) on May 16, 2024. Defendant sought leave for an extension of time to file a reply and filed a Response to United States' Opposition (Doc. #131) on July 22, 2024.

*I.*

On March 1, 2006, a grand jury in Fort Myers, Florida returned an Indictment (Doc. #1) charging defendant with one count of possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 18 U.S.C. § 2. On August 2, 2006, the government filed a Notice of Intention to Use Prior Convictions to Enhance the Penalty as to Count One of the Indictment (Doc. #51) pursuant to 21 U.S.C. § 851. On August 8, 2006, a Jury returned a Verdict (Doc. #69) of guilty. On November 29, 2006, defendant was sentenced to life imprisonment on Count One followed by a term of supervised release.

(Docs. #77, #115.) The conviction and sentence were affirmed on appeal. (Doc. #88.)

On August 20, 2009, the Court denied post-conviction relief under 28 U.S.C. § 2255[1], and later under Amendments 748 and/or 750 to the Sentencing Guidelines and under the "Holloway Doctrine"[2]. (Docs. ## 91, 94, 106.) On November 18, 2019, finding defendant was eligible, the Court granted a reduction in sentence under Section 404 of the First Step Act reducing the term of imprisonment to 360 months followed by a reduced term of supervised release of 8 years, the bottom of the new guideline range, but no further based on defendant's disciplinary history and status as a career offender. (Doc. #119.) The reduction was affirmed on appeal. (Doc. #123); United States v. Smith, 828 F. App'x 646, 647 (11th Cir. 2020).

## II.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). As applicable here, the Court may not modify a term of imprisonment, except upon motion of the Director of the Bureau of Prisons or motion by

---

[1] Smith v. United States, No. 209-CV-143-FTM-29SPC, 2009 WL 2590084 (M.D. Fla. Aug. 20, 2009).

[2] United States v. Smith, No. 2:06-CR-42-FTM-29SPC, 2017 WL 2889307 (M.D. Fla. July 7, 2017).

defendant if it finds "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). After an inmate exhausts administrative remedies[3], a Court may reduce a sentence after considering factors set forth in 18 U.S.C. § 3553(a) and if the Court determines that at least one of six reasons apply. Effective November 1, 2023, this includes that an "unusually long sentence" had been imposed:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.13(b)(6). Defendant must also not be a "danger to the safety of any other person or the community" and the reduction must be "consistent with this policy statement." U.S.S.G. § 1B1.13(a). The government does not dispute defendant's assertion that he has been

---

[3] The government concedes that defendant has exhausted his administrative remedies. (Doc. #127, p. 6 n.3.)

incarcerated for over 17 years, i.e., defendant has served 10 years or more of his sentence. (Doc. #125, p. 1.)

### A. Commission Authority

As a threshold matter, "[t]he Department of Justice takes the position that this policy statement is contrary to the text, structure, and purpose of the compassionate-release statute and 28 U.S.C. § 994(a) and is therefore invalid." (Doc. #127, p. 7.)

The Commission promulgates guidelines for a sentencing court to use in determining the sentence to be imposed and makes "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes" of Section 3553(a)(2), including modification provisions under Section 3582(c). 28 U.S.C. § 994(a)(2)(C). "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). "There is no question that 1B1.13 is *the* policy statement the Commission adopted to comply with this statutory mandate…. In other words, the statutory context shows us that the Commission had an obligation to define 'extraordinary and compelling reasons' for all motions under the statute, and that the Commission did so

in 1B1.13." United States v. Bryant, 996 F.3d 1243, 1255 (11th Cir. 2021) (emphasis in original) (internal citations omitted). The Court finds that the amendment to 1B1.13 was within the Commission's power. United States v. Allen, __ F. Supp. 3d __, No. 1:09-CR-320-TCB, 2024 WL 631609, at *5 (N.D. Ga. Feb. 12, 2024) ("Because the Eleventh Circuit has never held that nonretroactive changes cannot be extraordinary and compelling reasons, this Court can accept § 1B1.13(b)(6)'s validity and applicability.").

**B. Application to Current Case**

The Court follows a three-step process: (1) determine whether defendant meets the criteria for an "unusually long sentence" for a reduction in that sentence; (2) determine whether defendant is dangerous to the safety of others; and (3) apply 3553(a) factors to evaluate whether a reduction is warranted. United States v. Elie, 6:09-cr-50-ACC-DCI, Doc. #138 at 15 (M.D. Fla. May 3, 2024).

**(1) Unusually Long Sentence**

Under the new "unusually long sentence" amendment, "if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." U.S.S.G. § 1B1.13(c). Thus, the Court may consider the impact of the change in law "where (a) the defendant is serving an unusually

long sentence; (b) the defendant has served at least ten years of the sentence; and (c) an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, the change in law can qualify as an extraordinary and compelling reason after the court has fully considered the defendant's individualized circumstances." AMENDMENTS TO THE SENTENCING GUIDELINES, at 7 (U.S. Sent'g Comm'n Apr. 27, 2023)(effective Nov. 1, 2023).[4]

Defendant argues that if he was sentenced today, he would no longer be subject to a mandatory life sentence and would receive no more than 25 years. Defendant seeks a reduction from 360 months to 300 months of incarceration. (Doc. #125, p. 2.)

Under the 2006 guidelines, the Based Offense Level was 32 based on the 77.4 grams of crack cocaine, but defendant was a career offender with a Criminal History Category of VI and enhanced offense level of 37, subjecting defendant to a guideline range of 360 months to life and a statutory mandatory term of life. (Doc. #115, Presentence Report (PSR) at ¶¶ 20-22, 72-74.) Defendant was deemed a career offender because he was 31 years old when he committed the current offense after having been convicted of at least two prior controlled substance offenses or crimes of

---

[4] https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023.

violence. (PSR at 21.) The prior convictions include[5]: (1) the sale or purchase of cocaine in Charlotte County in May 1991 (91-CF-421) when defendant was 16 years old; (2) two counts of the sale or purchase of cocaine in Charlotte County in September 1991 (91-CF-605 & 91-CF-606); (3) the sale or delivery of cocaine in December 1997 (98-CF-133); (4) possession of cocaine with intent to sell in Charlotte County in February 1998 (98-CF-135); and (5) the sale or delivery of cocaine in Charlotte County in 2001 (01-CF-41) for which defendant was sentenced as a habitual offender to 36.6 months of prison. (PSR at ¶¶ 31, 32, 36, 38, 42.)

Under the current guidelines, because defendant's offense involved at least 28 grams but less than 112 grams of cocaine base, his base offense level would be at 24, U.S.S.G. § 2D1.1(c)(8), and defendant would be subject to a statutory term of 10 years to life for having a prior conviction for a serious drug felony, 21 U.S.C. § 841(b)(1)(B)(iii). As a career criminal, defendant's total offense level would still be enhanced to a level of 37 but his range of imprisonment today would be 360 months to life imprisonment. Defendant's actual sentence was reduced to 360 months under Section 404 of the First Step Act. The Court does

---

[5] The Court did not include the battery on a law enforcement officer that was nolle prosequi or the resisting an officer violence count for which defendant was sentenced to 26 months of prison. (PSR at ¶ 39.)

not find that defendant's sentence is an unusually long sentence since it is at the low end of the new guidelines.

Defendant argues a gross disparity exists when looking at similarly situated defendants in three cases. (Doc. #125, pp. 6-7.) The Court finds that even if cherry-picking three cases from the district courts was material, none of those defendants are similarly situated to defendant Smith.

In <u>Lii</u>, the district court found that the "enhancement triggered by Defendant's prior convictions for minor drug crimes was 'enormous,' creating an equally 'enormous disparity' between his sentence and the sentence 'Congress now believes to be an appropriate penalty for his conduct.'" <u>United States v. Lii</u>, 528 F. Supp. 3d 1153 (D. Haw. 2021). The district court noted that the First Step Act was not retroactive, but that defendant would not receive life in prison today considering his minor prior convictions and his low to-mid-level role in the distribution of methamphetamines. <u>Lii</u> was also found to have a serious medical condition.

<u>Vanholten</u> "had a criminal history category of II, comprised entirely of nonviolent offenses, which would warrant nothing close to a life sentence under the guidelines…. A difference of a generation between the actual sentence and the sentence Mr. Vanholten would likely receive today no doubt makes for a gross disparity." <u>United States v. Vanholten</u>, No. 3:12-CR-96-RBD-MCR,

2023 WL 8357739, at *3 (M.D. Fla. Dec. 1, 2023). If sentenced today, the district court noted that defendant would not face a mandatory minimum life term under current law. Vanholten also suffered from several serious health conditions, had a clean disciplinary history, and the government supported his clemency application.

In Gonzalez, the district court found that "Gonzalez would not have faced a 20-year mandatory minimum sentence if he had been convicted before late May 2017, when the government changed its policy on the filing of 851 Notices, or sentenced after December 2018, when the First Step Act was signed into law. As a result, he faced a disproportionately harsh sentence when compared to similar defendants who were convicted before or sentenced after this brief 18-month window." United States v. Gonzalez, 2021 U.S. Dist. LEXIS 164709, *8-9 (D.N.H. Aug. 31, 2021). Unlike defendant in this case who was eligible for relief under Section 404 of the First Step Act, Gonzalez could not take advantage of a Section 401 of the First Step Act because he was sentenced before its enactment.

In addition to clear factual differences with the comparators identified by defendant, defendant Smith was eligible for a reduction and his sentence was previously reduced.

**(2) Danger to Safety**

A Court may reduce a term of imprisonment only if it determines that defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2). Factors the Court must consider include:

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including-
>
>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon

>   his own motion, or shall upon the motion of
>   the Government, conduct an inquiry into the
>   source of the property to be designated for
>   potential forfeiture or offered as collateral
>   to secure a bond, and shall decline to accept
>   the designation, or the use as collateral, of
>   property that, because of its source, will not
>   reasonably assure the appearance of the person
>   as required.

18 U.S.C. § 3142(g).

Defendant Smith was pulled over at a traffic stop after failing to come to a complete stop at a stop sign. A canine unit arrived on the scene and three bags of crack cocaine were found in the center console, along with stamp-sized bags and a razor blade, and a jacket inside the vehicle contained $1,740. There were no co-defendants and no applicable adjustments for defendant's role in the offense or for obstruction of justice. There was no violence during the stop. (PSR at 6, 7.)

"[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. 1B1.13(d). Nonetheless, "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id.

Defendant states that he is a different and rehabilitated person, and although his criminal history is lengthy, most are traffic-related offense or were crimes committed as a juvenile.

Defendant notes that he only has one conviction of resisting with violence and no other violent criminal history. Defendant states that he is no longer a danger to society and had only one citation in the last year while incarcerated. Defendant states that his custody points are 21, so he is considered medium security but has not been eligible for designation from his current high security status.

As of October 2023, defendant has not completed his recommendations, including anger/hostility, and he is still at high risk for recidivism. (Doc. #125-1.) Looking at only the last two years, in January 2023, defendant was found with suboxone and Methamphetamine and was sanctioned. (Doc. #127-1.) Before that, in June 2022, defendant was found with Oxcarbazepine. (Id.)

The Court finds that defendant has not established that he would not pose a danger to the community. Defendant's criminal history started when he was a juvenile, continued with multiple drug and other convictions prior to the instant case, and continues with drug activity during defendant's incarcerated.

### (3) Section 3553(a) Factors

When imposing a "particular sentence" that is "sufficient, but not greater than necessary", the Court considers:

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed--

>> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>> **(B)** to afford adequate deterrence to criminal conduct;
>
>> **(C)** to protect the public from further crimes of the defendant; and
>
>> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> **(3)** the kinds of sentences available;
>
> **(4)** the kinds of sentence and the sentencing range established for--
>
>> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>
>>> **(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
>>> **(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>
>> **(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing

- 13 -

>>Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
>>**(5)** any pertinent policy statement--
>
>>>**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
>>>**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
>>**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>>**(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Having found no applicable extraordinary or compelling reason, the Court need not address the factors individually. If there are such "extraordinary and compelling reasons" for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the

applicable Section 3553(a) factors.  <u>United States v. Monaco</u>, 832 F. App'x 626, 629 (11th Cir. 2020).  "[I]f the district court finds that no extraordinary and compelling reason exists, then it cannot reduce the inmate's sentence—even if the § 3553(a) factors favor doing so.".  <u>United States v. Giron</u>, 15 F.4th 1343, 1348 (11th Cir. 2021).  Having found no extraordinary and compelling reason for a further reduction, the motion will be denied.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Compassionate Release (Doc. #125) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this   9th   day of August 2024.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:  Parties of Record